**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4614**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JAYME GLEN ELEY,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:11-cr-00374-D-1)

Submitted: March 21, 2013          Decided: April 2, 2013

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jayme Glen Eley pled guilty without a plea agreement to two counts of possession with intent to distribute a quantity of marijuana and two counts of possession of a firearm by a convicted felon. The district court sentenced Eley to 120 months' imprisonment, an upward variance from the 84 to 105 month advisory Guidelines range. Eley appeals, arguing that the sentence imposed is unreasonable. Finding no abuse of discretion, we affirm.

In reviewing a sentencing variance, the appellate court must give due deference to the sentencing court's decision. United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir.), cert. denied, 131 S. Ct. 2946 (2011). The district court "has flexibility in fashioning a sentence outside of the Guidelines range" and need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision. Id. at 364 (internal quotation marks omitted). While "a major departure should be supported by a more significant justification than a minor one[,] . . . a district court need not justify a sentence outside the Guidelines range with a finding of extraordinary circumstances." Id. at 366 (internal quotation marks omitted).

We have reviewed the record and determined that the district court properly considered the parties' arguments and

the sentencing factors set forth in 18 U.S.C.A. § 3553(a) (2006). We further conclude that the district court provided an adequate explanation of its reasons for the upward variance as well as the extent of the variance. The court noted Eley's troubling and escalating pattern of criminal activity, his lack of respect for the law, and the fact that he failed to learn from the past lenient sentences previously imposed by the state court for Eley's prior criminal conduct. The district court also cited various § 3553(a) factors to justify the variance, specifically, the need to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Because the district court clearly considered the parties' arguments and explained its reasons for an upward variance based on the § 3553(a) factors, we conclude that the upward variance was substantively reasonable. See United States v. King, 673 F.3d 274, 284 (4th Cir.) (concluding that upward variant sentence was reasonable as it was adequately supported by reference to those § 3553(a) factors that "the court determined required the sentence ultimately imposed"), cert. denied, 133 S. Ct. 216 (2012); Diosdado-Star, 630 F.3d at 366-67 (holding upward variant sentence that was six years longer than Guidelines range was substantively reasonable because district

court expressly relied on several § 3553(a) factors to support variance).

Accordingly, we affirm the 120-month sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED